320 So.2d 310 (1975)
Ernest L. PERRY
v.
The TEXACO COMPANY and the Travelers Insurance Company.
No. 6993.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1975.
Robert E. Lee, Metairie, for plaintiff-appellant.
James R. Murrell, III, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendants-appellees.
Before REDMANN, BOUTALL and MORIAL, JJ.
REDMANN, Judge.
Plaintiff appeals from the dismissal, after trial on the merits, of his tort suit. The trial court reasoned defendant was his statutory employer under La.R.S. 23:1061 and therefore liable exclusively in workmen's compensation, R.S. 23:1032. We affirm.
Plaintiff's direct employer was Arc & Arms, Inc., who had agreed under a "Miscellaneous Work Agreement" to "furnish certain general oil field contract services including but not limited to lease maintenance, roustabouting, construction work, hauling, transportation, boat rental, and other equipment rentals." The Agreement specified an hourly rate for 29 classifications of workers, and over 100 other hourly or daily rates for trucks, boats, and a variety of equipment. The Agreement provided for daily "work tickets" to be submitted to defendant for work done and equipment provided, "if and when said work is directed to be performed from time to time" by defendant.
The testimony of the representatives of defendant and of Arc & Arms, and the invoices for the hourly work done on the project in this case, support a conclusion that Arc & Arms did not here act as a general contractor who executed a construction contract, but acted only as a supplier of labor to do defendant's bidding. Whether the installation of an additional seepage-catching drain under defendant's gas compressor station is deemed new construction or maintenance, it was defendant itself who did the installation with additional roustabouts hired through Arc & *311 Arms, and the installation was therefore defendant's trade, business or occupation; Doss v. American Ventures, Inc., 1972, 261 La. 920, 261 So.2d 615.
Accordingly, even if Arc & Arms can be considered a contractor in respect to the work here involved, defendant is a "principal" within R.S. 23:1061, liable in compensation to Arc & Arms' employees.
Affirmed.