362 So.2d 761 (1978)
Randall Rex BARNES et al.
v.
SUN OIL COMPANY et al.
Nos. 61773, 61805.
Supreme Court of Louisiana.
September 5, 1978.
Rehearing Denied October 5, 1978.
*762 James M. Funderburk, of Duval, Arceneaux, Lewis & Funderburk, Houma (Nicholas Gachassin, Lafayette, in only No. 61773), for plaintiffs-applicants in No. 61773 and for plaintiffs-respondents in No. 61805 Randall Rex Barnes and Joe B. Fincher.
Michael J. McNulty, III, Bauer, Darnall, McNulty & Boudreaux, Franklin, for defendant-respondent in both cases Sun Oil Co.
James B. Supple, Franklin, for plaintiffs-applicants in No. 61773 and for plaintiffsapplicants in No. 61805 Cindy Breaux and Brenda Howard.
DENNIS, Justice.
The ultimate question presented in this tort suit is whether summary judgment should have been granted declaring that *763 plaintiffs' exclusive remedy is under the workmen's compensation statute. Settlement of the dispute hinges on whether defendant has shown there is no genuine issue as to a material fact, i. e., that the work Weco Welders, Inc. (Weco) performed for Sun Oil Company (Sun) was part of Sun's "trade, business, or occupation" for purposes of establishing coverage by the workmen's compensation statute. La. R.S. 23:1061.
Sun engaged Weco to do maintenance and repair work at Sun's Sweet Bay Lake oil production facility. Plaintiffs, employees of Weco, were injured while repairing a gas flow line in the course of their employment as repair and maintenance workers at the facility. They brought this action against Sun for damages resulting from the alleged negligence of a Sun employee. Sun successfully moved for summary judgment on the ground that plaintiffs' exclusive remedy for their injuries was under the workmen's compensation statute since Sun was plaintiffs' "statutory employer," against whom a workman cannot maintain an action in tort. La. R.S. 23:1061. Plaintiffs appealed contending that defendants' supporting affidavits were not made on personal knowledge and that the record indicated there was genuine issue as to a material fact which could be determined properly only by trial on the merits.
The court of appeal rejected plaintiffs' arguments and affirmed. 358 So.2d 655 (La. App. 1st Cir. 1978). We granted writs because it appeared from plaintiffs' applications and the court of appeal opinion that disputes existed as to material issues of fact, viz., disagreements as to the character of the work performed by Weco and plaintiffs at the Sweet Bay Lake facility and whether the work formed part of Sun's "trade, business or occupation."
Affidavits supporting or opposing motions for summary judgment must be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein. La. C.C.P. art. 967. Sun's affidavits were made by its Lafayette district production manager who stated that the Sun Oil Company facility at Sweet Bay Lake was within his district and that he was therefore competent to testify to the facts therein set forth and that he knew the facts set forth of his own personal knowledge. The affidavits failed to "show affirmatively" that the affiant was competent to testify to the matters stated therein. The fact that it is stated as a conclusion that the affiant has personal knowledge of the facts will not suffice. The facts as set forth in the affidavit must show that he has such knowledge. Antonio v. Barnes, 464 F.2d 584 (4th Cir. 1972); Benoit v. Burger Chef Systems of Lafayette, Inc., 257 So.2d 439 (La. App. 1st Cir. 1972); B. Shientag, Summary Judgment, 4 Fordham L. R. 186, 198 (1935). The mere fact that the affiant had been assigned the title of Lafayette district production manager does not show affirmatively that he had detailed personal knowledge of the facts pertaining to Sun's operations contained in his affidavit.
However, the argument that the supporting affidavit should have been disregarded was made for the first time on appeal. The record does not disclose that the plaintiffs filed a motion to strike or otherwise objected to the affidavit. Since it is entirely possible that the affidavit by the production manager could have been made on personal knowledge, we consider the inadequacy of the affidavit to be a formal defect which is deemed to be waived and conclude that the trial court properly considered it in ruling on the summary judgment motion. See, e. g., Associated Press v. Cook, 513 F.2d 1300 (10th Cir. 1975); 6 Moore's Federal Practice, § 56.22[1] (2d ed. 1974); Wright & Miller, Federal Practice and Procedure, Civil § 2738 (1973); cf. Benoit v. Burger Chef Systems of Lafayette, Inc., supra.
The evidence supporting the motion for summary judgment shows that throughout the United States Sun is engaged in the exploration, drilling, production, transportation, manufacture and marketing of oil, gas and other petrol chemicals. Sun uses its facility at Sweet Bay Lake, and others like *764 it, to engage in the production and processing of oil and gas through wells, compressor stations, heaters, pipelines, separation equipment, and other related equipment. The work performed by Weco and plaintiffs at Sweet Bay Lake consisted of repairing and maintaining glycol units, separators, reboilers, compressors, heaters, pumps, valves and maintaining and repairing gas lift and flow lines. Without periodic repair and continuous maintenance of the flow lines, oil and gas could not flow from wells to the production facility and its purpose could not be fulfilled. All major oil companies, including Sun, perform this kind of work with their own employees. Before Weco contracted to perform the maintenance and repair work at Sweet Bay, Sun performed these services with its own employees. Because of variables such as economic feasibility, location of the job site and the number of work hours, Sun decided to contract out the maintenance and repair work at the Sweet Bay facility. However, Sun continues to use its own employees to perform maintenance and repair work at other facilities similar to the Sweet Bay Lake facility. The maintenance and repair work includes welding, fitting, changing and salvaging pipe.
In opposing the motion for summary judgment the non-moving parties relied primarily upon the affidavit of plaintiff Joe B. Fincher who stated that he worked for Weco at Sweet Bay Lake as the welder and a pusher and performed other "oilfield specialty work." During the time he worked at Sweet Bay he never saw any Sun employees doing welding; he never or rarely saw Sun employees changing or salvaging pipe; he never saw Sun employees doing any maintenance work at Sweet Bay Lake. Weco supplied nearly all of the welding equipment and other tools that were used by Weco at Sweet Bay Lake.
Because the court of appeal did not mention the opposing affidavit of Joe B. Fincher but found conclusively from depositions indicating that Sun employees supervised the plaintiffs' work at the facility that Sun was a "statutory employer" we were initially of the view that the intermediate court had fallen into error. The mere fact that Sun supervised plaintiffs' work would not clothe it with statutory employer status if the work performed by Weco for Sun was not part of Sun's "trade, business or occupation." Since even direct employees must be engaged in work which is part of the regular business of the employer, it is appropriate that the statutory employer concept should be similarly limited. See, Malone, Louisiana Workmen's Compensation Law and Practice, § 125 (1951). Furthermore, it appeared to us initially that the Fincher affidavit reflected the existence of a genuine dispute as to whether the kind of work performed by Weco was performed regularly and routinely by Sun and other major oil companies as an essential and integral part of their "trade, business or occupation."
After reviewing the entire record, however, we conclude that there is no essential dispute as to the fact that maintenance and repair services performed at Sweet Bay Lake by Weco were part of Sun's "trade, business or occupation." It is true that Fincher's affidavit occasionally refers to the services as "specialty" work, whereas Sun's affidavits characterize it as "routine" maintenance and repair. But it is not disputed that the work consisted of repair and maintenance services performed regularly as an essential and integral part of Sun's business. The parties agree that Sun does not perform these tasks at Sweet Bay Lake with its own employees. However, this fact alone does not prevent the labor from being part of its regular business. The effect of La. R.S. 23:1061 is that the principal shall be considered the employer of the employees of the contractor engaged in work which is part of the regular business of the principal. Broussard v. Heebe's Bakery, Inc., 263 La. 561, 268 So.2d 656 (1972). Moreover, the opposing affidavit does not contest the fact that Sun and other oil companies regularly perform the same type work at other facilities as part of their businesses with their own employees.
*765 Accordingly, it appears to be undisputed that the work performed by Weco at Sweet Bay Lake for Sun was part of Sun's "trade, business or occupation." Under these circumstances, the mover was entitled to judgment as a matter of law, and the summary motion was correctly granted. Mashburn v. Collin, 355 So.2d 879 (La. 1977); Cates v. Beauregard Electric Corporation, Inc., 328 So.2d 367 (La. 1976).
The judgment of the court of appeal is affirmed.