Curtis ORTEGO, Plaintiff-Appellant,

v.

UNION OIL COMPANY OF CALIFORNIA, Defendant-Appellee.

No. 81–3483
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 19, 1982.

Fontenot & Mitchell, Guy O. Mitchell, III, Ville Platte, La., for plaintiff-appellant.

Allen, Gooch & Bourgeois, Randall K. Theunissen, Lafayette, La., for defendant-appellee.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

PER CURIAM:

Curtis Ortego, an employee of Pelican Well Service, Inc., was injured while engaged in workover operations on an oil well belonging to Union Oil Company of California. Ortego received workers' compensation benefits from his employer. Invoking diversity jurisdiction, Ortego filed the present tort suit against Union Oil, alleging that Union Oil's supervisors failed to maintain a safe job site.

Union Oil moved for summary judgment, contending that under Louisiana's workers' compensation statute, as Ortego's statutory employer it was liable to him exclusively for compensation benefits, it was not liable in tort.[1] After considering the affidavits of Union Oil's Vice President of Operations,

---

1. The pertinent provisions of the workers' compensation statute are La.R.S. 23:1061 and 23:1032. Section 1061 reads:

   Where any person (in this section referred to as principal) undertakes to execute any work, which is part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any

Oil and Gas Division, and Onshore Area Production Manager for the Southeast Louisiana District, the trial court concluded that the well workover activity of Pelican Well Service constituted part of Union Oil's "trade, business or occupation . . . ." La. R.S. 23:1061. The motion for summary judgment, premised upon the finding that Union Oil was Ortego's statutory employer, was granted. We affirm.

This appeal presents the issue of the propriety of the use of the summary judgment vehicle. Rule 56 of the Federal Rules of Civil Procedure recites that the party seeking summary disposition is entitled to judgment if pleadings, depositions, answers to interrogatories, admissions, and affidavits filed disclose no genuine issue of material fact. The litigant opposing the motion is required to come forth with evidence of a genuine issue of material fact. Mere allegations or denials in pleadings are insufficient to preclude a summary judgment. In this context, we have examined the record to determine if there is a genuine fact dispute presented whether workover operations constitute an integral part of Union Oil's trade, business, or occupation.

We recently had occasion to make an in-depth study of Louisiana's statutory employer concept. *Blanchard v. Engine & Gas Compressor Services, Inc.*, 613 F.2d 65 (5th Cir. 1980). Our initial reading of the various opinions impressed us that the cases were "somewhat inconsistent." *Id.* at 69. As a result, we certified the statutory employer issue to the Supreme Court of Louisiana. Regrettably, the Court's response was terse: "The jurisprudence of this Court does not warrant an additional pronouncement at this time. *See Reeves v. Louisiana & Arkansas Ry.*, 282 So.2d 503 (La.1973); *Lushute v. Diesi*, 354 So.2d 179 (La.1978);

La.Sup.Ct. Rules XII, Sec. 1." 613 F.2d at 68.

■ Having again examined Louisiana law, and relying heavily on *Reeves* and our decision in *Freeman v. Chevron Oil Co.*, 517 F.2d 201 (5th Cir. 1975), we held that "in Louisiana, the 'essential to business' test is no longer, if it ever was, the controlling factor in the identification of a statutory employer." 613 F.2d at 71. Instead, the proper test for application of La.R.S. 23:1061 is "whether the activity done by the injured employee or his actual immediate employer is part of the usual or customary practice of the principal or others in the same operational business." *Id.* (footnote omitted).

Typically, whether the work performed by the injured worker's employer is part of the trade or business of the ostensible statutory employer is an issue of fact, determined according to the circumstances of each case. *See, e.g., Barnes v. Sun Oil Co.*, 362 So.2d 761 (La.1978); *Lushute v. Diesi*, 354 So.2d 179 (La.1978). Yet, summary resolution of this issue is not prohibited. In *Barnes*, the plaintiffs were employees of a welding outfit which contracted with Sun Oil to repair gas lines and perform other maintenance tasks at one of Sun Oil's production facilities. The petition alleged that Sun Oil was liable in damages because one of its employees was negligent. A motion for summary judgment by Sun Oil was resisted on the ground that Sun Oil did not perform "specialty" work such as pipe maintenance and repair. After observing that Sun Oil's failure to carry out these tasks with its own employees "does not prevent the labor from being part of its regular business," 362 So.2d at 764, the Louisiana Supreme Court concluded that

compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with ref-

erence to the earnings of the employee under the employer by whom he is immediately employed.

Section 1032 prescribes that the compensation remedy is "exclusive of all other rights and remedies" of the employee. *See Blanchard v. Engine & Gas Compressor Serv., Inc.*, 613 F.2d 65 (5th Cir. 1980).

the activity in question was part of Sun Oil's "trade, business or occupation."[2]

In the case before us, Union Oil supported its motion for summary judgment with affidavits and depositions of two of its supervisory officers which state that workover operations constitute an integral part of Union Oil's operation. The uncontroverted testimony of Union Oil's Vice President of Operations notes that nearly ⅓ of the oil and gas the company produced in 1978 resulted from prior workover operations. Workover operations are considered to be so significant that the company could not "stay in business competitively" without them.

Against the convincing statements offered by Union Oil, Ortego tendered the deposition of a professor of various oil related subjects at Texas A & M, with extensive experience both working in and as a consultant to the oil and gas industry. The professor was of the opinion that workover activities were not an integral part of Union Oil's business.[3]

The district court was not impressed by the conclusions reached by the appellant's expert, stating: "Plaintiff has not raised a genuine issue of material fact by offering his expert's bold assertion." The trial court concluded that Ortego had not met adequately Union Oil's motion.

In affirming the trial court, we take cognizance of the decisions of the Louisiana courts cited herein and of our decisions. Included is the case cited by the district court, *Stelly v. Waggoner Estates*, 355 So.2d 12, 15 (La.App.), *cert. denied*, 356 So.2d 1011 (La.1978), which indicates "that the working over of oil wells, to insure continued production therefrom is a regular part of the business of operating oil wells," for purposes of La.R.S. 23:1061. Obviously convinced of this proposition, the intermediate appellate court in *Stelly* wrote: "The trial judge's conclusion to the contrary is unsupported by either the evidence in this case or the applicable law." 355 So.2d at 15.

■ Accordingly, finding same consistent with Rule 56 of the Federal Rules of Civil Procedure and controlling jurisprudence, we agree with the trial judge's conclusion that no genuine issue of material fact exists regarding the statutory employer issue. As a matter of fact and law, Union Oil was Ortego's statutory employer at the time of Ortego's accident. Union Oil, therefore, is not amenable in tort; its exclusive liability is under the Louisiana workers' compensation statute.

The decision of the district court is AFFIRMED.

2. Therefore, Sun Oil "was entitled to judgment as a matter of law, and the summary motion was correctly granted." 362 So.2d at 765 (*citing Mashburn v. Collin*, 355 So.2d 879 (La. 1977); *Cates v. Beauregard Electric Corp.*, 328 So.2d 367 (La.1978)).

3. Ortego's expert noted, "You can look in the dictionary and the definition of the word 'integral' part, and you will find that that is a sum of the parts and well servicing is no part of most major oil company's operations. It is all contracted out, and therefore is not an integral part of the operations of the oil company." The expert's syllogism, while accurate arguably from a grammatical standpoint, is erroneous legally. Our *Blanchard* decision, relying on *Barnes v. Sun Oil Co.*, contains the following passage:

> Just as § 1061 prevents a principal from avoiding statutory employer status and workmen's compensation liability by contracting out all his business, this provision also implies that the mere fact that a principal contracts out all of his work does not necessarily mean he is *not* a statutory employer for purposes of avoiding tort liability. 613 F.2d at 71 (emphasis in original).