**Duke S. ELLIOTT, Plaintiff-Appellant,**

v.

**LOUISIANA POWER & LIGHT COMPANY, Defendant-Appellee.**

No. 81–3359.

United States Court of Appeals, Fifth Circuit.

June 28, 1982.

Garner & Munoz, New Orleans, La., for plaintiff-appellant.

Monroe & Lemann, Kenneth P. Carter, New Orleans, La., for defendant-appellee.

guilt or innocence. *United States v. Alfrey,* 620    F.2d 551, 557 n.5 (5th Cir. 1980).

ON PETITION FOR REHEARING

(Opinion March 31, 1982, 5 Cir., 1982,
671 F.2d 865)

Before RUBIN, SAM D. JOHNSON, and
GARWOOD, Circuit Judges.

PER CURIAM:

In its petition for rehearing, Louisiana
Power & Light Company (LP&L) refers this
Court to the opinions in the case of *Klohn v.
Louisiana Power & Light*, 406 So.2d 577
(La.1981), 394 So.2d 636 (La.App. 1st Cir.
1980). LP&L argues that *Klohn* establishes
a different test for a statutory employer
than the one expressed in *Blanchard v. En-
gine & Gas Compressor Services, Inc.*, 613
F.2d 65 (5th Cir. 1980). The *Klohn* ap-
proach, according to LP&L, "eliminates the
unduly restrictive and inherently fallacious
premise of the 'usual and customary prac-
tice' test that to be part of one's trade,
business or occupation, the activity must
regularly recur."

However, nothing in *Blanchard* or in
our prior opinion, 671 F.2d 865 (5th Cir.
1982) (per curiam), requires that the activi-
ty regularly recur to be part of the usual or
customary practice of the principal or oth-
ers in the same operational business. While
*ordinary* maintenance and repairs are part
of an employer's regular trade, business, or
occupation, the usual or customary practice
of the principal is not restricted to such
maintenance and repairs but embraces ev-
ery activity that is an integral and neces-
sary part of the principal's regular business.

The *Klohn* opinions do not address
the test for determining whether an activi-
ty is part of an employer's regular trade,
business, or occupation. As a result, *Klohn*
does not discredit or eliminate the *Blanch-
ard* test. *Klohn* implicitly holds that, be-
cause plaintiff's work in that particular
case involved ordinary maintenance and re-
pairs, his activity was an integral and nec-
essary part of the regular trade, business,
or occupation of defendant. In the case *sub
judice*, however, LP&L has failed to negate
the possibility of a fact issue regarding the
question of whether Brown & Root's work,

which entailed conversion of the boiler sys-
tem, went beyond ordinary maintenance or
repair and, therefore, was outside LP&L's
usual or customary practice.

Consequently, the district court erred in
directing a verdict on the issue of whether
LP&L was a statutory employer of plain-
tiff. *See Boeing Company v. Shipman*, 411
F.2d 365, 374 (5th Cir. 1969) (en banc). The
petition for rehearing is DENIED.