489 So.2d 1047 (1986)
McCORMICK OIL & GAS CORPORATION, et al.
v.
The DOW CHEMICAL COMPANY, et al.
No. 85-CA-0194.
Court of Appeal of Louisiana, First Circuit.
May 28, 1986.
*1048 Howell Dennis and Andrew J.S. Jumonville, Lafayette, for plaintiffs-appellees.
William H. Mounton, Lafayette, for Chevron, defendant-appellant.
George J. Bailey, Bailey & Hollier, Lafayette, for George Bailey, et al., defendants-appellants.
James B. Supple, Franklin, curator ad hoc, for absent defendants-appellants.
Robert C. Taylor, Dale, Owen, Richardson, Taylor & Mathews, Baton Rouge, for Augusta Smith, defendant-appellant.
John Nesser, Milling, Benson, Woodward, Hillyer & Pierson & Miller, New Orleans, Jack C. Caldwell, Aycock, Home, Caldwell & Coleman, Franklin, and John A. Stewart, Jr., Hulse, Nelson & Wanek, New Orleans, for Dow Chemical, et al., defendants-appellants.
Porteus R. Burke, New Iberia, for Perry Burke, et al., defendants-appellants.
Jerry F. Davis and Ernest R. Eldred, Baton Rouge, for State of La. and State Mineral Bd., defendants-appellants.
Simon Herold, Herold & Geneux, Shreveport, for Sidney Herald, et al., defendants-appellants.
Susan Dorsey, Franklin, (Court-appointed), for Jane (Jan) Pharr Gage, defendant-appellant.
David S. Forrester, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, for La. Nat. Bank of Baton Rouge as Trustee for the Gladys Morris Smith Testamentary Trust, defendants-appellants.
Tom W. Thornhill, Deutsch, Kerrigan & Stiles, Slidell, for Hibernia Nat. Bank, defendant-appellant.
Taylor Caffery, New Orleans, for defendants-appellants.
Before EDWARDS, LANIER and JOHN S. COVINGTON, JJ.
EDWARDS, Judge.
Certain claimants in this concursus proceeding appeal the trial court's granting of a summary judgment in favor of the State of Louisiana, decreeing that the State of Louisiana is the sole owner of the mineral royalties at issue. We affirm.
*1049 The controversy arose because plaintiffs hold two sets of mineral leases on the same property: one set granted by the State and the other set granted by private landowners. Thus this litigation is to determine which lessees are entitled to royalties attributable to oil production on the leased land.
The record establishes that the disputed land lies within the original boundaries of Grand Lake.[1] Thus it is the ownership of the lake that is the pivotal question. Upon admission to the United States in 1812, Louisiana, because of its inherent sovereignty, acquired title to all lands within its boundaries below the ordinary high-water mark of navigable bodies of water. State v. Placid Oil Co., 300 So.2d 154, 172 (La.1974) (on reh'g), cert. denied, 419 U.S. 1110, 95 S.Ct. 784, 42 L.Ed.2d 807 (1975). As to navigable rivers and streams, the State still holds in its sovereign capacity all the land below the ordinary low-water mark, but the banks (the areas between the ordinary low-water and ordinary high-water marks) now belong to the riparian landowners. LSA-C.C. arts. 450, 456; State v. Placid Oil Co., 300 So.2d at 173. As to lakes, however, the State still holds the land all the way up to the ordinary high-water mark. State v. Placid Oil Co., 300 So.2d at 173.
Alluvion and dereliction belong to the owner of the bank of a river or stream. LSA-C.C. art. 499. There is no right to alluvion or dereliction, however, on the shores of lakes. LSA-C.C. art. 500. Thus the characterization of the body of water as it existed in 1812 as navigable or non-navigable, lake or stream, determines the ownership of land masses which formerly constituted its bed. State v. Placid Oil Co., 300 So.2d at 173.
Appellants admitted in their answers that the disputed land is part of the former bed of Grand Lake. They argue, however, that Grand Lake is not a lake, but is a river or stream, and therefore that they own the land through the laws of accretion. The State, on the other hand, argues that Grand Lake is a lake, and accordingly the former bed still belongs to the State.
Shortly after this litigation began in March 1974, however, the State Supreme Court settled the issue of the legal characterization of Grand Lake-Six Mile Lake, holding that because it was navigable in 1812, it is State owned, and that because it was a lake as of 1812, the accretion rule is inapplicable. State v. Placid Oil Co., 300 So.2d 154, 175 (La.1974) (on reh'g).
The State filed a motion for summary judgment, pointing out that the land at issue lies within the original boundary of Grand Lake, and that Grand Lake is the same body of water which the Louisiana Supreme Court declared to be a State owned lake in Placid Oil. Consequently the State prayed for summary judgment decreeing it to be the owner of the revenues deposited in the registry of the court. No other claimant filed any counter affidavits in opposition to this motion. Appellants, however, argued that summary judgment was inappropriate and that Grand Lake is a river or stream. The trial court found that there were no genuine issues of material fact, and rendered judgment in favor of the State.
Placid Oil renders appellants' argument that Grand Lake is a stream invalid. The legal question having been resolved by Placid Oil, and the pleadings showing that there is no dispute that the land at issue is former lake bed, the State need only establish that the body of water in the instant case is the same as the one in the Placid Oil case.
We also reject appellants' argument that the affidavit supporting the State's motion for summary judgment is insufficient. Article 967 of the Code of Civil Procedure requires that supporting *1050 affidavits be made on personal knowledge of the affiant. Mere deductions based on reports of experts will not suffice. Jones v. St. Charles Steel Fabricators, Inc., 422 So.2d 448, 451 n. 1 (La.App. 4th Cir.1982). Furthermore the affidavit must give facts to show that the affiant has personal knowledge, not just make the conclusory statement that he does have personal knowledge. Barnes v. Sun Oil, 362 So.2d 761, 763 (La.1978). Finally the facts stated in the affidavit must be facts that would be admissible at trial. Bethard v. State, 471 So.2d 989, 991 (La.App. 1st Cir.), cert. denied, 475 So.2d 1109 (La.1985).
The affidavit in support of the State's motion for summary judgment is clearly sufficient to establish the fact that the Grand Lake in this litigation is the same body of water as Grand Lake-Six Mile Lake of Placid Oil. The affiant, Mr. Hatley N. Harrison, Jr., stated that he is a licensed civil engineer and registered land surveyor, that he has studied several historic maps, that he conducted many surveys in the Grand Lake area while he was employed by the State Department of Public Works, and that he has lived in the Grand Lake area. The affidavit further states that Mr. Harrison is personally familiar with the Placid Oil case, having reviewed the record and various exhibits therein; that he plotted the disputed property on a map based on original township surveys from 1807 to 1838, and attached a copy of that map with the areas in dispute shown within the boundaries of Grand Lake; that the body of water identified on the exhibit as Grand Lake has sometimes been known as Six Mile Lake, but that Grand Lake and Six Mile Lake have always been one continuous body of water; and that Grand Lake as shown on those exhibits is the same body of water as that referred to in State v. Placid Oil as Grand Lake-Six Mile Lake.
No affidavit was filed in opposition; neither do appellants argue that Grand Lake is not the same body of water involved in Placid Oil. Instead appellants claim that Placid Oil is not controlling because the land masses are not the same as those declared to be State owned in Placid Oil. This argument misses the point. Placid Oil held that the State acquired ownership of Grand Lake in 1812, and that the laws of accretion do not apply. Consequently any land which was a part of Grand Lake in 1812 still belongs to the State. That the disputed land was part of Grand Lake in 1812 has been established by the State's motion for summary judgment and supporting affidavit, along with appellants' admissions in their answers.
Because the State's supporting evidence is sufficient to resolve all material issues of fact, the burden has shifted to the opponents of the motion for summary judgment to present evidence showing that material facts are still at issue. See LSA-C. C.P. art. 967; Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La.1980). The opponents have failed to do so, and consequently the State is entitled to summary judgment as a matter of law. See LSA-C.C.P. art. 966 B. The judgment of the trial court is affirmed at appellants' cost.
AFFIRMED.
NOTES
[1] The petition states that the disputed land was created by sedimentary build-up in the body of water in the Atchafalaya basin commonly known as Grand Lake. The answers refer to the land masses as alluvion formed in the former bed of Grand Lake. The motion for summary judgment reiterates this fact.