FORET, Judge.
Donald Wayne Burns was injured while employed as a truck driver by PIE Nationwide, Inc. (formerly Ryder/PIE Nationwide, Inc., hereinafter referred to as PIE). Burns subsequently died as a result of his injuries. This suit was filed on behalf of Jacqueline Bums, Bums’ widow, and his heirs against numerous defendants, including PIE. PIE filed a motion for summary judgment on the basis that they, as Burns’ employer, were immune from tort liability by virtue of the Louisiana Worker’s Compensation Act. The trial court granted summary judgment in favor of PIE and plaintiffs appeal. We find that the trial court was correct in finding that no genuine issue of material fact exists as to whether Burns' injuries and ensuing death were intentionally inflicted. Therefore, plaintiffs are limited to a remedy in worker’s compensation; thus, we affirm the judgment of the trial court insofar as it affects PIE.
FACTS
On May 23,1984, an accident occurred in Baton Rouge, Louisiana, on Exit Ramp 165 of I — 110 North, when a tractor trailer being driven by Donald Wayne Bums crashed into the highway railing causing the rig to roll over and burn. The injuries sustained in the accident resulted in Burns’ death on June 18, 1984. Burns was employed as a truck driver for PIE at the time of the accident.
MERITS
Plaintiffs argue that they are not limited to a remedy in worker’s compensation, based upon the following allegations as set forth by petition.
“The accident and resulting injuries and death were due to the fault of the defendants, which consists principally, though not necessarily exclusively, of the following acts or omissions:
*51 [[Image here]]
c) Ryder/PIE Nationwide, Inc., and/or Ryder Transportation Services, Inc.:
1) In failing to institute proper fleet and driving practices of its employees;
2) In knowingly and intentionally requiring Donald Wayne Burns to operate a Ryder vehicle in interstate travel when Ryder knew or should have known of the possible impairment of Bums’ mental faculties, such that an accident was substantially certain to follow from Ryder’s actions;
3) In using a defectively designed and manufactured trailer when it knew or should have known of the defects in the trailer, and specifically the trailer’s propensity to cause rollover accidents during normal operations; as a consequence of its ownership of the defective Kenworth Tractor and/or defective Monon Trailer.”
PIE, by answer, alleged that, contrary to the mies applicable to PIE employees, Bums was intoxicated at the time of the accident.
La. R.S. 23:1032 limits an employee’s action against his employer to recovery of worker’s compensation benefits except where the injuries resulted from “an intentional act.” The issue before this Court is whether any genuine issue of material fact exists as to whether Bums’ injuries were intentionally inflicted.
The Louisiana Supreme Court in Bazley v. Tortorich, 397 So.2d 475, 481 (La.1981), defined an intentional act as follows:
“The word act is used to denote an external manifestation of the actor’s will which produces consequences....
The meaning of ‘intent’ is that the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that that result is substantially certain to follow from his conduct, whatever his desire may be as to that result. Thus, intent has reference to the consequences of an act rather than to the act itself.
[[Image here]]
... Only where the actor entertained a desire to bring about the consequences that followed or where the actor believed that the result was substantially certain to follow has an act been characterized as intentional.”
Plaintiffs do not seriously contend that PIE desired that Burns would be injured in an accident, resulting in his death. Therefore, our concern is whether PIE knew that Bums’ accident was substantially certain to occur from their conduct.
Pursuant to PIE’s motion for summary judgment, the affidavits of Keith Guyot, PIE’s Vice President of Human Resources, and Gregory Moore, PIE’s Director of Safety, were submitted.
The affidavit of Moore speaks to plaintiffs’ first allegation that PIE failed “to institute proper fleet and driving practices of its employees.” We fail to find that this statement is more than an allegation of possible negligence rather than an intentional tort. Nevertheless, PIE, pursuant to its motion for summary judgment and Gregory Moore’s affidavit, clearly set forth the undisputed fact that Bums took a road test, at the time of his employment, which indicated that he possessed sufficient driving skills to safely operate a truck.
According to the affidavit of Keith Guy-ot, Burns was also given a written test attesting to the fact that he was familiar with the Federal Motor Carrier Safety Regulations (FMCS).
In response to plaintiffs’ second allegation that PIE knowingly and intentionally required Bums to drive the truck on the day of the accident when they “knew or should have known of the possible impairment of Burns’ mental facilities, such that an accident was substantially certain to follow,” PIE set forth, by affidavit and attached documentation, sufficient evidence to controvert this contention.
The affidavit of Gregory Moore observes, upon personal knowledge, that Bums was provided with copies of the F.M. *52 C.S. regulations and the Ryder/PIE Policy and Procedures Manual, which prohibits the consumption or being under the influence of alcohol while on duty.
Guyot’s affidavit attests that Bums’ application for employment (attached to Guy-ot’s affidavit) verified that he was familiar with these regulations. Also included as an exhibit is Bums’ written examination on these regulations. This examination highlights the fact that Bums was familiar with the prohibition against the use of or being under the influence of alcohol while on duty.
Moore’s affidavit clearly states, from personal knowledge, that no PIE employee, including Bums, is allowed to operate a motor vehicle if his mental faculties are impaired. Additionally, if it is discovered that a driver is drinking or under the influence of alcohol while on duty, he will be terminated from employment with PIE.
Likewise, Guyot's affidavit attests to the fact that PIE was unaware that Bums ever consumed alcoholic beverages while on duty. In fact, Burns himself stated, on the physical examination portion of his employment application, that he did not use alcohol.
Finally, in response to plaintiffs’ third allegation that PIE knowingly used a defectively designed and manufactured trailer with a propensity to roll over during normal operations, PIE responds, through Moore’s affidavit, that PIE was unaware of any defects in design or manufacture of any trailer owned or used by PIE.
These documents accompanying PIE’s motion for summary judgment provided convincing proof that PIE had no intent to injure Burns. Therefore, the burden of proof shifts to plaintiffs opposing the motion to set forth specific facts showing a genuine issue for trial. Equipment, Inc. v. Anderson Petroleum, Inc., 471 So.2d 1068 (La.App. 3 Cir.1985).
In opposition to the motion for summary judgment, plaintiffs filed a copy of an unsigned and unnotarized telephone statement. This has no evidentiary value and cannot be considered in challenging PIE’s motion for summary judgment. Continental Casualty Co. v. McClure, 313 So.2d 260 (La.App. 4 Cir.1975); Porche v. City of New Orleans, 523 So.2d 2 (La.App. 4 Cir.1988).
In addition, plaintiffs’ attorney, Paul H. Jantz, filed an affidavit with himself as affiant, regarding statements made to him by Burns’ co-employee, Jack Leslie. Jantz had no personal knowledge, as required by La.G.C.P. art. 967, of the facts alleged in his affidavit. In essence, plaintiffs submitted no competent evidence in response to PIE’s motion for summary judgment.
Plaintiffs argue that, pursuant to Barnes v. Sun Oil Co., 362 So.2d 761 (La.1978), any objection to the affidavit of Jantz was waived by PIE because no objection was made at the summary judgment hearing.[1] This case can be distinguished from Barnes insofar as the Louisiana Supreme Court in Barnes stated, at page 763:
“Since it is entirely possible that the affidavit by the production manager could have been made on personal knowledge, we consider the inadequacy of the affidavit to be a formal defect which is deemed to be waived and conclude that the trial court properly considered it in ruling on the summary judgment motion.” (emphasis added.)
See also, Equipment, Inc. v. Anderson Petroleum Co., 471 So.2d 1068 (La.App. 3 Cir.1985).
In this case, it is clear that the affidavit of plaintiffs’ attorney is not based on personal knowledge of the substantive facts. Additionally, plaintiffs’ attorney has not shown that he is competent to testify as to the events of May 23,1984, pursuant to the requirements set forth in La.C.C.P. art. 967. See Benoit v. Burger Chef Systems of Lafayette, Inc., 257 So.2d 439 (La.App. 1 Cir.1972).
*53 Even, assuming arguendo that Paul Jantz’s affidavit was competent evidence, the affidavit states that Jack Leslie, a co-employee of Burns, “spoke to one of the employees of the St. Francis Motel who said that Donald Bums was not in any shape to be driving.” This same affidavit later states that “Jack Leslie saw Donald Bums on the side of the road and stopped to check on him. At this time, Donald Bums was sleeping and Jack Leslie woke him up.” We fail to see how either of the statements raises a genuine issue of material fact as to whether Burns’ injury and ensuing death resulted from an intentional act of PIE.
CONCLUSION
Based upon the foregoing, the record reveals that there are no genuine issues of fact which preclude the granting of summary judgment. Therefore, the judgment in favor of PIE is affirmed. Costs of this appeal are assessed to plaintiffs-appellants.
AFFIRMED.

. The record properly before this Court, as designated by plaintiffs, does not contain either the transcript from the hearing on the motion for summary judgment or a motion to strike filed by PIE.