# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-920


**STEVE CROOKS, ET UX.**

**VERSUS**

**STATE OF LOUISIANA,**
**DEPARTMENT OF NATURAL RESOURCES**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 224,262
HONORABLE HARRY FRED RANDOW, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## OSWALD A. DECUIR
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Oswald A. Decuir, James T. Genovese, and Phyllis M. Keaty, Judges.


**REVERSED AND REMANDED.**

**James J. Davidson III**
**Christopher J. Piasecki**
**Davidson, Meaux, Sonnier, McElligott,**
**Fontenot, Gideon & Edwards**
**P. O. Drawer 2908**
**Lafayette, LA 70502-2908**
**(337) 237-1660**
**Counsel for Plaintiffs/Appellants:**
    **Steve Crooks**
    **Era Lea Crooks**

**V. Russell Purvis**
**Smith, Taliaferro & Purvis**
**P. O. Box 298**
**Jonesville, LA 71343**
**(337) 339-8526**
**Counsel for Plaintiffs/Appellants:**
>       **Steve Crooks**
>       **Era Lea Crooks**

**J. Michael Veron**
**Alonzo P. Wilson**
**J. Rock Palermo**
**Veron, Bice, Palermo & Wilson, LLC**
**P.O. Box 2125**
**Lake Charles, LA  70602-2125**
**(337) 310-1600**
**Counsel for Plaintiffs/Appellants:**
>       **Steve Crooks**
>       **Era Lea Crooks**

**Robert G. Nida**
**Gold, Weems, Bruser, Sues & Rundell**
**P. O. Box 6118**
**Alexandria, LA 71307-6118**
**(318) 445-6471**
**Counsel for Plaintiffs/Appellants:**
>       **Steve Crooks**
>       **Era Lea Crooks**

**Albin A. Provosty**
**Provosty, Sadler, deLaunay, Fiorenza & Sobel**
**P. O. Drawer 1791**
**Alexandria, LA 71309-1791**
**(318) 445-3631**
**Counsel for Defendant/Appellee:**
>       **State of Louisiana, Department of Natural Resources**

**DECUIR, Judge.**

This class action lawsuit was filed by the named plaintiffs, Steve and Era Crooks, against the State of Louisiana, Department of Natural Resources, seeking a determination of the ownership of the lands located in the Catahoula Basin, commonly referred to as Catahoula Lake. The determinative issue in the case is the legal classification of Catahoula Lake as a lake or as a river or stream. The trial court granted the State's motion for partial summary judgment on this issue and rendered the following oral ruling:

> For oral reasons this day handed down, the Court finds that partial summary judgment is appropriate as to the issue of classification of the body of water referred to as Catahoula Lake. This is a class action suit. Plaintiffs seek to have all lands above the ordinary low water mark of Little River or its tributaries, and within the area known as Catahoula Lake to be declared owned by the class in accordance with Louisiana's laws of riparian ownership. Defendant argues that the Third Circuit Court of Appeal made a legal determination in *Sanders v. State, Department of Natural Resources*, 2007-821 (La.App. 3 Cir. 12/19/07), 973 So.2d 879, that the water body at issue in this case is, as a matter of law, a lake as defined under the Louisiana Civil Code. Accordingly, the defendant presents to the court that it is the law of the Third Circuit Court of Appeals [sic] that the body of water at issue is classified as a lake.

> In opposition, the plaintiffs assert that the defendant is in effect arguing *res judicata*, which prevents relitigation of the same issue between the same parties; however, the court need not rely on the doctrine of *res judicata*. In *McCormick Oil & Gas Corporation v. Dow Chemical Company*, 489 So.2d 1047 (La.App. 1 Cir. 1986), citing *State v. Placid Oil Co.*, 300 So.2d 154 (La. 1974), the First Circuit Court of Appeal held that the determination that a body of water is a lake as opposed to a stream is a legal finding. The court finds that the classification of Catahoula Lake is a legal issue. In *Sanders*, the Third Circuit Court of Appeals [sic] made the determination that the body of water commonly referred to as Catahoula Lake is legally classified as a lake. *Sanders*, 973 So.2d at 882. This court being bound to follow its immediate supervisory court on matters of law grants the partial motion for summary judgment.

In this appeal, Plaintiffs contend summary judgment was improper because the *Sanders* decision is not a valid basis for determining the ownership interests of the plaintiffs in the instant case. They argue that the *Sanders* court did not

consider the legal characterization of the Catahoula water body as a lake or a river. Rather, the appellate court simply stated that all parties agreed it is a lake; therefore, it is a lake.

The *Sanders* decision does indeed address the essential characteristics of Catahoula Lake. The court explores its historical designation in official documents and states that it was navigable in 1812 when Louisiana acquired ownership of the beds of its natural navigable water bodies up to their high water marks. The court also discusses the size of Catahoula Lake, its channel, and tributaries. It discusses whether the lake is intermittent versus perennial. The *Sanders* court reviewed numerous surveys, studies, observational accounts, and government documents which describe Catahoula Lake, and the court compared it to the body of water legally characterized as a lake in *State v. Placid Oil Co.*, 300 So.2d 154 (La.1973).

Nevertheless, in *Sanders*, the fundamental question of whether Catahoula Lake is a lake or a river was not in dispute. It was not an adjudicated issue; rather, the trial court made a finding that the water body was a lake, but the only disputed question on appeal was the correct level of the high water mark. In fact, the author of the *Sanders* opinion wrote, "No one disputes the trial court's finding that Catahoula Lake is a lake . . . ." *Sanders*, 973 So.2d at 882.

Courts in Louisiana have the authority to revisit previous determinations of law, and we believe the trial court in the instant case made an incorrect decision to follow the *Sanders* pronouncement in a summary judgment proceeding. The legal characterization of real property determines ownership thereof, and the myriad of consequences that flow therefrom. The experts hired by the plaintiffs in this case have concluded Catahoula Lake is not a lake; the State's experts say that it is a lake. Both sides have evidence to produce at trial on the merits. We find the parties

2

have presented a genuine issue of material fact; therefore, summary judgment must be denied.

In *McCormick Oil & Gas Corp. v. Dow Chemical Co.*, 489 So.2d 1047 (La.App. 1 Cir. 1986), the first circuit followed a decision of the supreme court which delineated Grand Lake as a lake. The *McCormick* court declined to revisit the question of whether Grand Lake was a lake or a river, deciding instead that the issue was previously resolved. In this case, we decline to follow a decision in which the relevant issue was not adjudicated.

For the above and foregoing reasons, the judgment of the trial court is reversed. This matter is remanded for trial on the merits. The assessment of costs will await the final outcome of this hotly contested matter.

**REVERSED AND REMANDED.**