COLE, Judge.
The issue presented in this personal injury suit is whether or not the defendant is the plaintiff’s statutory employer under La. R.S. 23:1061. We agree with the trial court’s ruling that defendant is a statutory employer, therefore we affirm the dismissal of the suit since plaintiff is limited to seeking workmen’s compensation from this defendant. La.R.S. 23:1032.
This litigation arose from the following facts. Plaintiff-appellant was employed by the construction firm of Je Rock, Inc. (referred to as Je Rock) as a construction worker. Defendant-appellee Myrt Tugwell hired Je Rock to construct a metal building on Tugwell’s property. On September 25, 1977, appellant was “hanging sheet metal” while standing on an “H” beam about twelve to sixteen feet above the ground. Tugwell, who wanted to learn more about the construction of metal buildings, was helping the Je Rock crew by operating a forklift nearby. For reasons unknown, Tugwell’s forklift made contact with the frame of the metal building and Dixon was knocked from the “H” beam to the concrete below. Dixon contends he is permanently and totally disabled as a result of the foot and back injuries he sustained from the fall. He has been receiving workmen’s compensation benefits from his employer Je Rock *344 and has filed this suit against Tugwell and his insurer, Continental Insurance Company, seeking to recover in tort for the damages allegedly caused by Tugwell. Je Rock’s workmen’s compensation insurer, American Casualty Company of Reading, Pennsylvania, joined the suit as an interve-nor.
The trial court rendered judgment in favor of defendant Tugwell,[1] finding that at the time of the accident Tugwell was engaged in the trade, business or occupation of construction and rental of warehouses. Because Mr. Dixon was injured while constructing a warehouse, the situation was held to be one of statutory employment under La.R.S. 23:1061. Mr. Dixon was therefore limited to seeking workmen’s compensation from Mr. Tugwell. La.R.S. 32:1032. The plaintiff and the intervenor have both appealed devolutively.
Appellants contend the court erred in characterizing the situation as one of statutory employment. The gist of appellants’ argument is that Mr. Tugwell was not engaged in the business of construction. Appellants argue that Mr. Tugwell had no contractor’s license, did not advertise himself as a contractor and had no records showing a building business for the year 1977. However, a substantial amount of evidence was offered to show that Mr. Tug-well was involved in the construction business. He testified he had been in the building and remodeling business for ten to fifteen years prior to the time of the accident and had constructed two metal warehouses in the years 1976 and 1977. Mr. Tugwell testified that he built the warehouses “for himself” and rented them to third persons. His 1977 tax returns reflect the rent earned from these buildings. The building permit issued in connection with the warehouse built by Je Rock showed Mr. Tugwell was the contractor for the building. He owned a tractor with which he did the grading. He also painted and performed general labor. He stated he “contracted out” each phase of the construction to various subcontractors. He testified he expected to clear sixty to seventy thousand dollars from his warehouse business in the year 1980.
Whether or not an independent contractor’s activity is part of his principal’s business, so as to render the principal liable in workmen’s compensation (and immune from tort suit) is to be decided from the facts of each case. Sisk v. Insurance Co. of North American, 356 So.2d 1109 (La.App. 2d Cir. 1978).
After considering the facts of this case, the trial court concluded this was a situation of statutory employment. As always, we give great weight to the factual conclusions of the trial court. Its findings will not be disturbed unless the record reveals manifest error has been committed. The entire evidence here obviates a definite and firm conviction on our part that a mistake was committed by the trial court in finding Mr. Tugwell was engaged in the construction business. Therefore, we decline to upset the judgment of the trial court. It is not clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
It is true Mr. Tugwell listed his occupation on his 1977 tax return as a route salesman. He explained he and his father owned a corporation, H. O. Tugwell and Son Myrt, Inc., which was a cleaning supply business. This fact alone does not convince us Mr. Tugwell was not engaged in the construction business, for a person may be engaged in more than one trade or business for the purposes of the workmen’s compensation law. Slocum v. Lamartiniere, 369 So.2d 201 (La.App. 3rd Cir. 1979), writ denied 1979. See also, Doss v. American Ventures, Inc., 261 La. 920, 261 So.2d 615 (1972).
We are further convinced of the correctness of the trial court’s determination by a case involving a very similar factual determination. In Hebert v. Gulf States Utilities Co., 369 So.2d 1104 (La.App. 1st Cir. 1979), the plaintiff was an employee of Southern Structure, Inc. Southern had been contracted by Kelly Parrino to construct a metal building on Parrino’s property. In the course of his employment Mr. Hebert was injured and sued Mr. Parrino in *345 tort, both individually (as the landowner) and as a business entity. The trial court found, and this court affirmed, that Mr. Parrino was a statutory employer of Mr. Hebert, therefore no tort suit was allowed. The court found that Mr. Parrino was a general commercial contractor and constructed buildings as a part of his trade, business or occupation. The building which Southern was constructing was going to be used by Parrino as a warehouse in connection with his construction business.
In the present case, as in the Hebert case, once the court determined the defendant was engaged in the construction business, that the building being constructed was to be used in the defendant’s business, and that the plaintiff had been contracted (through his employer) to construct the building, the obvious conclusion is that the defendant is the plaintiff’s statutory employer under La.R.S. 23:1061.
For the foregoing reasons, the judgment of the trial court is affirmed. Appellants are cast equally for all costs of court.
AFFIRMED.

. Continental Insurance Company was granted a summary judgment because of a policy exclusion which deleted coverage from injuries arising from “new construction.”