411 So.2d 658 (1982)
Kevin Roy SCALES
v.
STATE of Louisiana, State of Louisiana Department of Highways, ABC Architectural Firm, Engineer A and Engineer B.
No. 11292.
Court of Appeal of Louisiana, Fourth Circuit.
March 9, 1982.
John Paul Massicot, Silvestri, Marinaro & Massicot, New Orleans, for plaintiff-appellant.
David K. Balfour, Dept. of Transp. and Development, Baton Rouge, Raymon G. Jones, Deutsch, Kerrigan & Stiles, New Orleans, for defendants-appellees.
Before BOUTALL, CHEHARDY and KLIEBERT, JJ.
KLIEBERT, Judge.

ON RULE TO SHOW CAUSE WHY APPEAL SHOULD NOT BE DISMISSED AS ABANDONED
After this Court refused to dismiss the appeal, an application for writs to the Supreme *659 Court were applied for and granted. The Supreme Court upheld the previous ruling of this Court and remanded the case here for hearings on the appeal. The case was set for oral argument on February 2, 1982. The appellant and appellee failed to file briefs and neither party made an appearance at the oral hearing. On February 3, 1982 this Court directed each party to show cause by brief on or before February 8, 1982 why the appeal should not be dismissed as an abandoned appeal. The appellant, Kevin Roy Scales, failed to respond to the show cause order by February 8, 1982. The appellee timely filed a brief and argued for a dismissal of the appeal based on Rule VII, Section 5(b) of the Uniform Rules, Court of Appeal.
On February 17, 1982, the appellant filed a motion entitled "Motion to Refile Brief" averring "That through mistake or error the brief had been misplaced or lost and is not now in the record" and attached a brief thereto. Thereafter, on March 1, 1982, counsel for plaintiff filed a brief stating the basis for his failure to appear at the hearing on February 2, 1982. Since counsel for the plaintiff has, by explaining his reasons for failure to make an appearance on February 2, 1982 and to respond to the show cause order by February 8, 1982, demonstrated his desire not to have the appeal abandoned and since this occurred before the order dismissing the appeal was consummated, in the interest of judicial economy and expediency, we will consider the merits of the appeal.

ON MOTION FOR SUMMARY JUDGMENT
Plaintiff, Kevin Roy Scales, was hired by Boh Brothers Construction Company to perform work as a pile driver on the I-10/I-610 extension. Both Brothers was performing the work under a contract with the State of Louisiana through the Louisiana Department of Transportation and Development, Office of Highways. On or about October 25, 1977, during the course of performing work, Scales sustained injuries. Boh Brothers commenced paying workmen's compensation benefits to the plaintiff.
Plaintiff, Kevin Roy Scales, filed a tort action against State of Louisiana, State of Louisiana Department of Highways (hereafter LDH), ABC Architectural Firm, Engineer A and Engineer B. The suit was filed on October 2, 1978. LDH filed a motion for summary judgment contending it was the statutory employer of plaintiff, hence, plaintiff's exclusive remedy against it is for compensation benefits. Citing Alexander v. State, La.App., 347 So.2d 1249 (1st Cir. 1977), the trial judge maintained the motion for summary judgment thus dismissing plaintiff's tort claim against LDH. Plaintiff filed and perfected a devolutive appeal from this ruling.
Counsel for plaintiff contends the trial judge erred in dismissing plaintiff's claim because LDH is statutorily barred (LSA 48:251) from engaging in the business of building new highways. The argument is without merit. The very reason for the existence of the LDH is to construct highways. LSA 48:21. LDH's decision to carry out its function by contracting with Boh Brothers for the construction brings the department under the exclusive remedy provisions of the Compensation Act, see, LSA-R.S. 23:1061. Therefore, we agree with the decision in Alexander v. State through the Department of Highways, La. App., 347 So.2d 1249 (1st Cir. 1977) and hence affirm the trial judge's ruling dismissing the tort action against the LDH.

ON THE EXCEPTION OF PRESCRIPTION
On June 1, 1979, while the motion for summary judgment was pending, plaintiff filed an amended petition naming Pepper and Associates, Inc. as an additional defendant. Pepper filed an exception of prescription to the amended petition. The trial judge, on January 17, 1980, rendered judgment upholding the plea of prescription and dismissed the plaintiff's tort claim against Pepper. Plaintiff filed and perfected a devolutive appeal from this ruling.
*660 After a careful review we find no error in the trial judge's ruling or in his reasons for judgment. Accordingly, we affirm his ruling and adopt his reasons which follow as our own:
"The applicable prescriptive period for a suit in tort is governed by Louisiana Civil Code Article 3536; actions prescribed by one year. The one year prescriptive period begins to run the date of plaintiff's accident October 25, 1977 with the action prescribing on October 25, 1978 unless some event interrupts the running of prescription.
According to Louisiana Revised Statute 9:5801 when pleadings are filed in a court of competent jurisdiction prescription is interrupted as to all defendants. `All defendants' as designated by this statute has been interrupted to refer only to defendants named in the suit.
In addition, as provided by Louisiana Civil Code Article 2097 `a suit brought against one of the debtors in solido interrupts prescription with regard to all.'
Thus, in order for the Court to determine whether an interruption of prescription has occurred the Court must look to the original petition filed by the plaintiff. The defendants named by plaintiff in the original petition were State of Louisiana, State of Louisiana Department of Highways. The three remaining defendants were denominated by fictitious identifications. The amendment to correct the fictitious name given to one of the defendants does not relate back to the original filing date of the suit. (Favors vs. Southern Industries, Inc. [La.App.], 344 So.2d 693 (1st Cir. 1977); Majesty v. Comet-Mercury-Ford Company of Lorain, Michigan, 296 So.2d 271 (La.1974); Commercial Union Insurance Co. v. Bringol [La.App.], 262 So.2d 532 (4th Cir. 1972).
Thus, in order for prescription to be interrupted in the present case it would be necessary that the unnamed defendant be solidarily liable with the timely-sued named defendants.
The Court concludes there exists no solidarity between the named defendants and the unnamed defendant Pepper and Associates Inc. since plaintiff's exclusive remedy against the named defendant is in workmen's compensation and not in tort.
Accordingly, the Court concludes that prescription as to the unnamed defendants was not interrupted by the filing of the original petition nor the untimely filing of the supplemental and amending petition, nor was there a solidary obligation been the named defendants who were timely sued and the unnamed defendants."
All costs of appeal to be borne by the plaintiff.
AFFIRMED.