451 So.2d 1251 (1984)
Nicholas WILSON
v.
A-I INDUSTRIES, INC. and Fireman's Fund Insurance Company.
No. CA 1598.
Court of Appeal of Louisiana, Fourth Circuit.
June 6, 1984.
*1252 Steven M. Koenig, Heisler & Wysocki, New Orleans, for plaintiff-appellant.
Gerard M. Dillon, Dillon & Cambre, New Orleans, for defendants-appellees.
Before GARRISON, AUGUSTINE and BYRNES, JJ.
GARRISON, Judge.
This is an appeal from a judgment of the district court dated October 11, 1983, granting defendants' Motion for Summary Judgment. From that judgment which we vacate, annul, and set aside, plaintiff appeals.
The test for granting a motion for summary judgment is two-fold:
(1) whether there exist(s) any genuine issue(s) of material fact; and
(2) whether mover is entitled to judgment as a matter of law. Additionally, any reasonable doubts are resolved against the granting of the motion.
In the instant case, plaintiff alleges that he was injured on July 28, 1982 on the premises of A-1 Industries, Inc. at 600 Peters Road, Harvey, Louisiana. At the time of the injury, plaintiff was employed by Weiser Security Services, Inc. Weiser was hired by A-1 to provide security service to the Peters Road plant. A-1 is a steel fabricator and erector company. A-1's insurer is Fireman's Fund Insurance Company.
A-1 and Fireman's Fund argue that A-1 was the statutory employer of plaintiff under R.S. 23:1032; 23:1061, hence plaintiff cannot sue A-1 as a third-party tortfeasor in tort, but rather is limited to Workmen's Compensation relief, as statutory employers are immune from tort suits by their statutory employees.
R.S. 23:1032 provides as follows:
"The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
The immunity from Civil liability provided by this Section shall not extend to: 1) any officer, director, stockholder, partner or employee or such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment; and 2) to the liability of any partner in a partnership which has been formed for the purpose of evading any of the provisions of this Section."
R.S. 23:1061 provides:
"Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken *1253 by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.
Where the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor."
When determining statutory employer/employee status under the "trade, business, or occupation" test the courts look to the factual circumstances surrounding the entire scope of the work contracted out, the specific task being performed at the time of the employee's injury, where the specific task fits into a specific job, and how that job fits into the scope of the work as a whole.
A-1 Industries is in the business of steel fabrications and steel erections. It is not in the security business. At one time, A-1 had hired its own employees as security guards, but it abandoned that practice some 2 years before the accident now before us. Two months after the instant accident, A-1 began hiring its own employees as security guards. However to paraphase the Louisiana Supreme Court in Lewis v. Exxon Corp., 417 So.2d 1292 (App. 1st, 1982), writ granted 422 So.2d 422 (La. 1982); 441 So.2d 192, 199 (La.1983):
"Since (A-1) was not engaged in the trade, business, or occupation of (security) at the time of the accident, it was not a statutory employer of plaintiff who was engaged in such operations. Consequently, (A-1) is not protected by the exclusive remedy rule of the worker's compensation statute. Plaintiff's right to sue ex delicto, therefore, must be sustained."
Defendants rely heavily upon Adams v. Kast Metals Corp., 363 So.2d 541 (La.App. 1st, 1978). Kast involved the grant of a summary judgment in a case involving a security guard. Kast has not been cited in a reported case since its rendition. Additionally, under the "law of the circuit" rule this First Circuit decision is not binding upon the Fourth Circuit court, but rather is persuasive only. Most importantly, however, it appears that Kast as well as its predecessor Gant v. Jackson Brewing Co., 112 So.2d 767 (La., Orl.App., 1959) along with the Gant minority line of jurisprudence, has been impliedly overruled by Lewis v. Exxon, above. Thus we conclude that the district court erred in granting summary judgment.
For the reasons discussed, the judgment of the district court is vacated, annulled, and set aside.
VACATED, ANNULLED, AND SET ASIDE.