Max Zelden, New Orleans, La., for plaintiff.

Lawrence J. Duplass, New Orleans, La., for defendant.

ROBERT F. COLLINS, District Judge.

The instant matter for summary judgment is before the Court on motion of defendant, Tenneco Oil Company (Tenneco) on the basis that it is entitled to a dismissal of this action pursuant to LSA–R.S. 23:1061.

It is well settled law that the burden of the summary judgment rests on the party who urges it, and every reasonable inference must be resolved in favor of the party opposing the motion. *Hodges v. Exxon*, 727 F.2d 450 (5th Cir.1984), *Dorden v. C.H. Heist*, 743 F.2d 1135 (5th Cir.1984). The

**Alvin Donald MACK, et al.**

v.

**TENNECO OIL CO., et al.**

**Civ. A. No. 85–0145.**

United States District Court,
E.D. Louisiana.

March 13, 1986.

---

Court must also deny the summary judgment if there is any material fact in dispute which creates a genuine issue to be resolved by the trier of fact, Fed.R.Civ.P. 56(c).

In resolving the issues presented on this summary judgment, this Court is *Erie* bound to apply state law. *Brown v. Cities Service*, 733 F.2d 1156 (5th Cir.1984); *Dozier v. J.A. Jones*, 587 F.Supp. 289 (E.D.La. 1984).

In the instant case, plaintiffs allege that they were injured on October 1, 1984 on the premises of Tenneco. At the time of the injury, plaintiffs were employed by Pontchartrain Landscape Company, Inc., pursuant to a maintenance contract entered into with Tenneco in which plaintiffs were employed to cut grass and weeds. Tenneco is an oil production and refining company.

Tenneco argues that it is the employer of plaintiffs under LSA–R.S. 23:1061, hence plaintiffs cannot sue Tenneco because it is a "principal" and Pontchartrain Landscape Company, Inc. is a "contractor". Tenneco argues that plaintiffs are limited to Workmen's Compensation relief as statutory employers are immune from tort suits by their statutory employees. LSA–R.S. 23:1061 provides:

> "Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any persons (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.

> "Where the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor."

The determination of whether a statutory employer relationship exists between a contractor and employees and employees of a subcontractor is primarily a factual issue that must be decided on a case-by-case basis. *Lewis v. Exxon Corporation*, 441 So.2d 192, 197 (La.1983).

When determining statutory employer/employee status under the "trade, business, or occupation" test, Louisiana courts look to the factual circumstances surrounding the entire scope of the work contracted out, the specific task being performed at the time of the employee's injury, where the specific task fits into a specific job, and how that job fits into the scope of the work as a whole. *See, Wilson v. A–1*, 451 So.2d 1251, 1253 (4th Cir.1984); *See also, Butler v. Home*, 448 So.2d 801 (2nd Cir.1984); *Rowe v. Northwestern National Insurance*, 471 So.2d 226 (La.1985). Put simply, Tenneco is in the oil and gas production and refining business. It is obviously not in the landscaping business, nor the grass cutting business for that matter. Plaintiffs have attached to their motion in opposition to the motion for summary judgment portions of the depositions of Bernard A. Dautrive, T.K. Devitt, J.M. Cohn, and C.E. Price, all supervisory personnel from Tenneco. In his deposition, Mr. Dautrive testified that it had been approximately 12 years since Tenneco's employees performed grass cutting. (See Dep. at p. 11, lines 22–25; p. 12). This was further confirmed by Mr. Devitt (Dep. at p. 13) and by Mr. Bourgeois (Dep. at pp. 14, 15). Mr. Bourgeois stated that Tenneco possessed no mowers or other equipment to cut grass. (Dep. at p. 15). Mr. Cohn testified that Tenneco exercised very little supervision over the contractor's employees and none

regarding the manner by which plaintiffs carried out their work. (See Dep. at pp. 10, 11.) To paraphrase the language of *Lewis v. Exxon*, 441 So.2d at 199, as restated in *Wilson v. A–1*, 451 So.2d at 1253:

"Since (Tenneco) was not in the trade business or occupation of (grass cutting) at the time of the accident, it was not a statutory employer of the plaintiffs who were engaged in such operation. Consequently, (Tenneco) is not protected by the exclusive remedy rule of Worker's Compensation Statute. Plaintiffs' right to sue ex delicto, therefore, must be sustained."

Tenneco relies heavily upon *Lindsey v. Chevron*, 566 F.Supp. 1280 (E.D.La.1983). *Lindsey* involved the Court's finding that plaintiff was a statutory employee of Chevron where plaintiff was employed as a housekeeper by contractor. It appears that *Lindsey* has been impliedly overruled by *Lewis v. Exxon* and its progeny. *Wilson v. A–1*, 451 So.2d at 1253; *Demeritt v. Citgo*, 769 F.2d 1081 (5th Cir.1985). Lindsey was decided prior to the rehearing decision in *Lewis v. Exxon*.

. Accordingly, for the reasons discussed, the motion for summary judgment is DENIED.