SCHOTT, Judge.
Defendant, the owner and operator of a large retail shopping center, contracted with Highway Patrol Services to provide security guards who would patrol the center on motorcycles. Plaintiff who was employed as such a guard was injured while patrolling on his motorcycle. He brought suit in tort against defendant who answered that it was plaintiff’s statutory employer and was therefore insulated from tort liability by the workers’ compensation act. Defendant moved for summary judgment which was granted dismissing plaintiff’s suit. Plaintiff has appealed.
A summary judgment is properly rendered if the pleadings, affidavits, and documents generated by discovery devices, show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. In the present case the judgment was based on the pleadings and an affidavit by Paul Kapelow, leasing manager of the defendant. He stated he was “intimately involved” in the center’s operations, prior to contracting with Highway Patrol for security services the center employed off-duty policemen for such services, a “secured and safe environment is indispensable” to any retail shopping center like defendant, and security services are an essential and integral part of defendant’s business operations.
In Louisiana a person is considered an employee of the principal employer when his immediate employer performs work for the principal in the principal’s trade, business, or occupation. R.S. 23:1061. A principal is defined as any person who undertakes to execute work which is a part of the business which he was conducting at the time of the injury and contracts with another for the execution thereof. R.S. 23:1032. When one fits the definition of a principal he shall be liable for workers’ compensation benefits to the injured employee of his contractor, and such a principal is known as the statutory employer. Lewis v. Exxon Corp., 441 So.2d 192 (La.1983).
Since, defendant was engaged in the retail shopping center business at the time plaintiff’s injury, the question is whether the security services defendant contracted with plaintiff’s immediate employer to provide were a part of that business. According to the uncontradicted affidavit of defendant’s lease manager they were.
However, plaintiff relies on Wilson v. A-l Industries, 451 So.2d 1251 (La.App. 4th Cir.1984), writ denied, 457 So.2d 14 (La.1984), for the proposition that security services are not a part of the trade, business or occupation of the principal as a matter of law. This court has held that the determination of whether a contractor’s activities are part of the principal’s trade, business or occupation is a question of fact. Tolstonog v. Muller Restaurant Supply, 430 So.2d 243 (La.App. 4th Cir.1983). The facts of the Wilson case are quite different from those of the instant case. There the principal was a steel fabricator and erector plant and the court found that security services were not a part of the principal’s business. Here, we are concerned with the retail shopping center business in the City of New Orleans. Aside from Kapelow’s uncontradicted statement we can judicially notice the necessity for a retail shopping center in New Orleans to provide security services in order to insure the safety of customers at the center.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.