**Sheree K. CHALINE,
Plaintiff–Appellant,**

**v.**

**UNITED STATES of America,
Defendant–Appellee.**

**No. 89–4198
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Aug. 18, 1989.

Michael J. Mestayer, Franklin G. Shaw, New Orleans, La., for plaintiff-appellant.

John R. Halliburton, Asst. U.S. Atty., Shreveport, La., for plaintiff-appellee.

Before GEE, WILLIAMS and DUHÉ, Circuit Judges.

PER CURIAM:

Sheree Chaline appeals the dismissal of her Federal Tort Claims Act suit. We affirm.

I.

On June 19, 1986, appellant Sheree Chaline severed her achilles tendon on a swing door at the loading dock of the United States post office in Deridder, Louisiana. At the time of the accident, Ms. Chaline was delivering mail from the post office in Lake Charles, Louisiana to the facility in Deridder, pursuant to a contract between

Holley Mail Service and the United States Postal Service.

Approximately two weeks before the accident, John Holley, the president and sole shareholder of Holley Mail Service, had requested novation of his contract with the United States Postal Service. Holley stated that he had made a business judgment to incorporate, and requested that Delta Mail Service, Inc. succeed Holley Mail Service as the contractor for the route. Holley's novation request did not reveal to the Postal Service that in April, 1986, he had entered into an agreement to sell the stock of Delta Mail Service to Sheree Chaline's husband, Joseph Chaline. Holley's contract with the Postal Service stated that he could not assign or transfer his rights under the contract without prior approval of the Postal Service.

Sheree Chaline and her husband began operating the route pursuant to the Agreement to Sell on April 13, 1986. Under the Agreement, the stock of Delta Mail Service would not be transferred to the Chalines until the Postal Service accepted the proposed novation of Holley's contract. Still without official notification of the proposed transfer, the Postal Service accepted the novation effective August 2, 1986, two months after Ms. Chaline's injury. Sheree Chaline nevertheless contends that at the time of her accident she was delivering the mail as an officer and director of Delta Mail Service, which was the "de facto" contractor with the United States Postal Service.

## II.

■ The Federal Tort Claims Act permits recovery in tort against the United States only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Under Louisiana law, the principal for whom a contractor is performing work is not liable for negligent injuries suffered by the contractor's employees if the work contracted out is part of the principal's "trade, business, or occupation." In

these circumstances, the principal is deemed to be the "statutory employer" of the injured employee, whose sole remedy is under Louisiana's workers' compensation law. La.Rev.Stat.Ann. §§ 23:1032, 23:1061 (West 1985). The district court determined that the United States Postal Service was Ms. Chaline's statutory employer under this doctrine, thus precluding her tort claim.

Ms. Chaline contends that the station-to-station delivery for the United States Postal Service, in which she was engaged at the time of her injury, is routinely contracted out to private services. She argues that under the Louisiana Supreme Court decision in *Berry v. Holston Well Service, Inc.*, 488 So.2d 934 (La.1986), this activity is not part of the Postal Service's "trade, business, or occupation." The *Berry* court stated that a principal must be engaged in the work at the time of the accident to meet the test for a statutory employer. *Id.* at 938.

The district court correctly held, however, that the more stringent definition of a statutory employer set out in *Berry v. Holston Well Service* does not apply when a governmental entity is the employer. This Court has determined that the *Berry* case "does not modify the rule of *Klohn v. Louisiana Power & Light*, 406 So.2d 577 (La.1981), or *Thomas v. Calavar Corp.*, 679 F.2d 416 (5th Cir.1982), which analyzed the statutory employer status of government entities." *Hebert v. United States*, 860 F.2d 607, 608 (5th Cir.1986). *See also Leigh v. National Aeronautics and Space Admin.*, 860 F.2d 652, 653 (5th Cir.1988). These prior decisions of the Court settle the issue. We will not consider Ms. Chaline's argument that *Berry* should apply to this case. *Umphlet v. Connick*, 815 F.2d 1061, 1063 (5th Cir.1987); *Washington v. Watkins*, 655 F.2d 1346, 1354 n. 10 (5th Cir.1981), *cert. denied*, 456 U.S. 949, 102 S.Ct. 2021, 72 L.Ed.2d 474 (1982). Under the test for statutory employer that applies to governmental entities, we must conclude, as did the district court, that the delivery of mail between post offices is part of the "trade, business, or occupation"

of the United States Postal Service. *See* 39 U.S.C. § 101 (statute stating purpose and function of United States Postal Service); *Leigh v. NASA*, 860 F.2d at 653 (NASA was statutory employer of technician assigned to work on external tank of space shuttle).

Ms. Chaline also argues that the district court erred in concluding that her sole remedy is under Louisiana's workers' compensation statute. She contends that at the time of her injury, she was not an employee as defined under Louisiana's workers' compensation law because she was delivering mail as an officer and director of Delta Mail Service. The district court rejected this argument, noting that even if Ms. Chaline could be considered an officer of Delta Mail Service, she had not introduced evidence of her written election to be exempt from workers' compensation coverage, as required by La.Rev.Stat.Ann. § 23:1035. This provision states that the workers' compensation scheme shall apply to all persons injured in conjunction with their work absent such an election. The district court correctly applied this mandatory provision.

In addition, at the time of Ms. Chaline's injury, the Postal Service had not yet approved the novation of the Holley contract, and the stock of Delta Mail Service had not been transferred to the Chalines. Even assuming that the Holley contract could be transferred to the Chalines without the Postal Service's consent, such a transfer under the terms of the Agreement to Sell had not occurred at the time of Ms. Chaline's injury. These facts fully support the district court's determination that Ms. Chaline was an employee under Louisiana's workers' compensation statute at the time of her injury.

The judgment of the district court is AFFIRMED.