Dear Representative Bruce:
I am in receipt of your opinion request wherein you have asked for our opinion or interpretation of the Workers Compensation Law LSA-R.S. 23:1035, as it applies to a small business doing business as a sub-contractor. In your letter, and enclosed attachments, you advise that a constituent doing business as a sole proprietor is being assessed a fee which is automatically deducted from his contract price to cover cost for Workers Compensation Insurance by the general contractor.
LSA-R.S. 23:1035, as recently amended, provides as follows:
§ 1035. Employees covered
 A. The provisions of this Chapter shall also apply to every person performing services arising out of and incidental to his employment in the course of his own trade, business, or occupation, or in the course of his employer's trade, business, or occupation, except that the bona fide president, vice president, secretary, and treasurer of a corporation who owns not less than ten percent of the stock therein, or a partner with respect to a partnership employing him, or a member of a limited liability company as defined in LSA-R.S. 12:1301(A)(13) who owns not less than a ten percent membership interest therein, or a sole proprietor with respect to such sole proprietorship may by written agreement elect not to be covered by the provisions of this Chapter. Such election shall not be limited, but shall apply to all trades, businesses, or occupations conducted by said corporation, partnerships, limited liability companies, or sole proprietorships. Such an election shall be binding upon the employing corporation, partnerships, limited liability companies, and sole proprietors and the widow, relatives, personal representative, heirs, or dependents of the officer, partner, member, or sole proprietor so electing. No salary or compensation received by any such bona fide corporate officer, partner, member, or sole proprietor so electing shall be used in computing the premium rate for workers' compensation insurance.
 B. There is exempt from coverage under this Chapter all labor, work, or services performed by an employee of a private residential householder in connection with the private residential premises of such householder or an employee of a private unincorporated farm, in connection with cultivating the soil, or in connection with raising or harvesting of any agricultural commodity, including the management of livestock, when the employee's annual net earnings for labor, work, or services amounts to one thousand dollars or less and the total and which labor, work or services are not incidental to and do not arise out of any trade, business, or occupation of such householder or private unincorporated farm. With respect to such labor, work, or services, and any employee performing the same, a private residential householder or a private unincorporated farmer, shall have no liability under the provisions of this Chapter either as employer or as a principal; however, any person who is engaged in the trade, business, or occupation of furnishing labor, work, or services to private residential premises or farms, shall be liable under the provisions of this Chapter to his employees or their dependents for injury or death arising from and incidental to their employment in rendering such labor, work or services.
 C. Where applicable, an employee may seek tort recovery for injuries arising out of such labor, work, or services, or recovery from any insurance policy that the homeowner or employer may have which extends coverage to persons injured on the homeowner's or employer's premises, regardless of the employee's employment status, provided that the labor, work, or services performed by such employee are exempt from the provisions of this Chapter.
The statute provides that officers of a corporation who own not less than ten percent of the stock therein; a partner, with respect to a partnership employing him; a member of a limited liability company, who owns not less than ten percent of the membership interest therein; and a sole proprietor, with respect to such sole proprietorship, may, by written agreement, elect not to be covered by the provisions of the Workers Compensation Act.
The right to exclude coverage under the provisions of Section 1035 has been interpreted by our courts to allow for such exclusion. In Hunt v. Wedgeworth Enterprises, Inc.,481 So.2d 723 (La.App. 1st Cir. 1985), the court held "under LSA-R.S. 23:1044, every executive office of a corporation is deemed to be an employee of the corporation, unless the officer has by written consent pursuant to LSA-R.S. 23:1035 elected not be covered by the Workmen's Compensation Statute. See AlsoFontanta v. Zurich Insurance Co., 430 So.2d 718, (La.App. 2nd Cir. 1983), writs refused, 438 So.2d 569."
In Chaline v. United States of America, 887 F.2d 505, the court, discussing the evidence submitted in the case, said ". . . she had not introduced evidence of her written election to be exempt from workers' compensation coverage, as required by La.Rev.Stat.Ann. § 23:1035. This provision states that the workers' compensation scheme shall apply to all persons injured in conjunction with their work absent such an election."
Special attention should be noted with regard to Section C of LSA-R.S. 23:1035. That Section provides that any employee exempted under the Workmen's Compensation Act may seek tort recovery for injuries arising out of such labor, work, or services for injuries arising out of such labor, work, or services. An employee, including a sole proprietor, who elected by written agreement not to be covered by Worker's Compensation could in other circumstances, subject his employer to tort liability.
In conclusion, it is the opinion of this office that LSA-R.S.23:1035 allows a sole proprietor to exempt himself from the provisions of the Worker's Compensation Act by a written agreement electing not to be covered.
Should you have any questions, or wish to discuss this further, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ CHARLES H. BRAUD, JR. Assistant Attorney General
RPI:CHB, jr.:glb
Date Received: Date Released:
CHARLES H. BRAUD, JR. Assistant Attorney General